# EXHIBIT A

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT
### SUMMONS

|  | Civil Action File Number<br>PC-2017-1031 |
|---|---|
| **Plaintiff**<br>Irvin R. Caesar | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| v.<br>**Defendant**<br>Aaa Northeast | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI 02908 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>110 Royal Little Drive<br>Providence RI 02904 |

**TO THE DEFENDANT, AAA Northeast:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/6/2017. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Irvin R. Caesar | PC-2017-1031 |
| v. | |
| Defendant | |
| Aaa Northeast | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, AAA Northeast, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2017-1031
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 12:08:00 PM
Envelope: 955121
Reviewer: Lynn Gaulin

STATE OF RHODE ISLAND                      SUPERIOR COURT
PROVIDENCE, S.C.

IRVIN R. CAESAR

v.

AAA NORTHEAST

## COMPLAINT

1.     Plaintiff, Irvin R. Caesar is a resident of the City of Providence, County of Providence, State of Rhode Island at all times relevant hereto.

2.     The Defendant AAA Northeast is a foreign corporation with its primary place of business located in the City of Providence, County of Providence, State of Rhode Island at all times relevant hereto.

3.     This case involves claims for violations of the Civil Right Act of 1866, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.; the Fair Employment Practices Act, R.I.G.L. Section 28-5-1 et seq. and the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1 et seq.

4.     The Plaintiff is an African American, Male, who was fifty years of age at the time he was hired by the Defendant on or about August 30, 2015 as a call center dispatch supervisor.

5.     During the time of the Plaintiff's employment with the Defendant he maintained a satisfactory employment record.

6.     During the time the Plaintiff was employed by the Defendant he was the only black supervisor in his department.

7.     From the beginning of his employment, with the Defendant, the Plaintiff was treated less favorably than similarly situated white co-workers.

8.     Charlie Newton, the Plaintiff's supervisor, would regularly speak with all the white supervisors, but would not engage in conversation with the Plaintiff unless the Plaintiff initiated the conversation.

9.     In addition, when the Plaintiff was hired, Plaintiff was immediately placed on the floor to manage a team without being introduced to them or having company orientation or training whereas white supervisors were given more training. Plaintiff was not provided with a company orientation and training until approximately twenty (20) days later after he was running the dispatch floor.

1

Case Number: PC-2017-1031
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 12:08:00 PM
Envelope: 955121
Reviewer: Lynn Gaulin

10. In or around November 2015, when a white women shift supervisor was hired she was scheduled to train for two weeks with second shift dispatchers and not assigned to the floor until after she trained with second shift supervisors and call counselors. The new white woman supervisor also had orientation before working on the floor with supervisors or employees.

11. During the entire time the Plaintiff worked for the Defendant, he was only afforded two days of training in dispatch during which time he shadowed a person who was not actually assigned at that time as a dispatcher. This shadowing was done on the two busiest days of the week. When Plaintiff asked his Supervisor Mr. Newton and the Director if he could attend dispatch training. Plaintiff was told they would get back to me but in the end, Plaintiff worked three months as a dispatch supervisor with little or no dispatch training.

12. In or around October 2015, Plaintiff noticed a 3rd shift position opened for a supervisor for Sunday through Thursday. Plaintiff asked his supervisor Mr. Newton if he could switch to that shift since no one had yet been hired for it but was told he could not, even temporarily because the employee regularly on the shift was on FMLA. The employee who was on this shift never returned during the period the Plaintiff was employed there.

13. Unlike his white supervisor counterparts, Plaintiff was rarely allowed to interview new candidates despite the fact Plaintiff requested to do so and the individuals who were being interviewed were being hired to work on Plaintiff's shift and for Plaintiff.

14. During the first few weeks of his employment, Plaintiff noticed that most of the employees on the his third shift were using company computers to browse the internet.

15. Plaintiff witnessed employees watching inappropriate and sexually explicit content. Plaintiff heard inappropriate comments in his department and wanted these issues addressed so he emailed his supervisor, Charlie Newton.

16. Plaintiff asked if the third shift employees had been trained on sexual harassment and workplace sensitivity and was told that they had not. Plaintiff brought this deficiency to his manager's attention several times.

17. Plaintiff supervisor, Mr. Newton held a meeting with Plaintiff's team but did not properly address the sexual harassment and work place sensitivity issues.

18. On or about November 27, 2015, two employees asked to speak with Plaintiff privately regarding inappropriate conversations occurring in the work place and the use of sexually explicit profanity by two of their co-workers.

19. The two employees voluntarily wrote statements detailing the offensive and hostile work environment they were experiencing and Plaintiff forwarded these statements to his Supervisor Charlie Newton, Director Jeff Adams ("The Director"), and Stephanie Tomasso, Human Resources Representative.

Case Number: PC-2017-1031
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 12:08:00 PM
Envelope: 955121
Reviewer: Lynn Gaulin

20. None of these individuals contacted the complainant employees for four days and Instead Plaintiff was called into a meeting and his Supervisor Charlie Newton came after Plaintiff for getting statements from the two employees saying that "we don't do statements at AAA; I wish you wouldn't have taken these statements." After this meeting, Plaintiff sent Human Resources and the Director an email letting them know Plaintiff felt he was being retaliated against.

21. When Plaintiff came in to work on December 3, 2015, Director Adams asked if he could speak with Plaintiff and Plaintiff was taken to Human Resources where he met with the Director and Stephanie Tomasso of Human Resources.

22. During this meeting, the Director and Tomosso defended the employees against whom Plaintiff had submitted the voluntary statements and stated that these employees were offended at how Plaintiff allegedly approached them and that Plaintiff should work on his approach.

23. Both the Director and Tomasso retaliated against Plaintiff by bringing up events that took place months before for which the Plaintiff was not written up or disciplined, including a claim that while Plaintiff was training Plaintiff was told that by a male employee that a female co-worker called him a pedophile, which made the male employee feel uncomfortable and offended which resulted in the male employee feeling retaliated against and requesting a transfer to a different shift.

24. At the conclusion of the December 3, 2015 meeting, Plaintiff was placed on administrative leave.

25. Plaintiff was terminated on or about December 8, 2015 ostensibly for failing to assist in Defendants investigation.

26. The Plaintiff filed a Charge of Discrimination at the Rhode Island Commission on Human Rights and on December 21, 2016, Rhode Island Commission on Human Rights issued a Private Right to Sue letter. Plaintiff has satisfied all administrative requirements prior to filing this lawsuit.

## COUNT I.
## RETALIATION FOR PROTECTED CONDUCT
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## R.I.G.L. § 28-5-5,
## R.I.G.L. § 42-112-1

27. The allegations of above paragraphs are hereby realleged and incorporated by reference.

28. The Plaintiff engaged in protected conduct under the above acts when he made

3

Case Number: PC-2017-1031
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 12:08:00 PM
Envelope: 955121
Reviewer: Lynn Gaulin

reports that his subordinates were engaged in sexually harassing and explicit behavior and took statements to documents the ongoing improper behavior.

29. The actions of the Defendant against Plaintiff were taken in direct response to his initial protected complaint to management that the Defendant's employees, and Plaintiff's subordinates, were engaging in sexually harassing and explicit behavior.

30. In the alternative or in combination, the Defendants actions against the Plaintiff were taken against Plaintiff because the Plaintiff took statements to document improper ongoing behavior by his subordinate in November 2015.

31. The termination of the Plaintiff and his suspension are discriminatory actions of Defendant were committed intentionally and, as a direct, legal and proximate result of this discriminatory conduct; Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

32. Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allowed by law against Defendant in an amount to be proved at trial.

33. Plaintiff further seeks all available declaratory and equitable relief against Defendant and for Plaintiff, as appropriate.

## COUNT II.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## R.I.G.L. § 28-5-5,
## R.I.G.L. § 42-112-1
## 42 U.S.C. § 1981.

34. Plaintiff realleges the allegations contained in the above paragraphs and incorporate the same by reference herein.

35. When taking the above actions, the Defendant intentionally discriminated against Plaintiff on the basis of his race in as much as they subjected him to different terms and conditions of employment due to his race than they did white workers who held the same position as him.

36. As a direct and proximate result of Defendant's discriminatory animus, Plaintiff has suffered financial harm and emotional distress.

37. Wherefore, Plaintiff respectfully demands judgment against Defendant in an amount to be determined by this litigation, together with interest, attorneys' fees, costs, punitive damages, and any other relief this court deems just and fit.

Respectfully submitted,

Case Number: PC-2017-1031
Filed in Providence/Bristol County Superior Court
Submitted: 3/6/2017 12:08:00 PM
Envelope: 955121
Reviewer: Lynn Gaulin

IRVIN R. CAESAR

By his attorneys,

Law Office of Sonja L. Deyoe

/s/ Sonja L. Deyoe
Sonja L. Deyoe, #6301
Law Offices of Sonja Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com

5